IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,784






EX PARTE MARK ANTHONY ZAPATA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2001CR3607 IN THE 290
TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam. Hervey, J., filed a dissenting opinion, in which Keller, P.J. , and
Keasler, J., joined. Meyers, J. dissented.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with sexually assaulting each of his
three daughters. Applicant pleaded guilty to one count of aggravated sexual assault of a child and was
sentenced to fifteen years' imprisonment. On the day of sentencing Applicant moved to withdraw his plea,
which was denied by the trial court Applicant also filed a motion for a new trial, which was heard and
denied.

 On direct appeal the Fourth Court of Appeals held that under Appellate Rule 25.2(b)(3) it lacked
jurisdiction to consider the merits of Applicant's claims. Zapata v. State, No. 04-02-00763-CR (Tex.
App. - San Antonio, September 3, 2003, pet. ref'd). 

 In this writ Applicant contends, inter alia, that his plea was involuntary because at the time he
entered it he was not aware that the complainants had recanted their accusations and would not have
testified against him in a trial. Applicant learned of the recantations after the entry of the plea but before
sentencing. He was unable to produce his daughters to testify at the sentencing hearing in support of his
motion to withdraw his plea, because their mother drove up from Corpus Christi the night before the
hearing and took the complainant and her sisters away with her. 

 The trial court held a hearing on Applicant's writ of habeas corpus. At the hearing, Applicant
testified that he misunderstood counsel's use of legal terminology at the time of the plea, and believed
incorrectly that he could withdraw his plea at any time before sentencing. He admitted to telling the
probation officer who conducted the pre-sentence investigation interview that he had committed various
offenses against his daughters. However, Applicant testified at the habeas hearing that he fabricated the
admissions because he believed that he would be more likely to obtain a more lenient sentence if he
admitted guilt.

 Two of Applicant's three daughters testified at the habeas hearing, and both testified that Applicant
had never touched them inappropriately or had sex with them. They testified that they had accused
Applicant of sexually abusing them because they were angry at him for wanting to divorce their mother and
that they had been misled during interviews with sexual assault investigators and prosecutors. Applicant's
third daughter, who had earlier recanted her accusations against Applicant, had planned to testify for the
State at the habeas hearing. However, Applicant filed a motion to exclude her testimony on the basis that
she had been in the courtroom throughout the proceedings, in violation of the rule of sequestration. The
third daughter did not testify for the State or for Applicant at the habeas hearing.

 The trial court has entered findings of fact and conclusions of law finding that the witnesses who
testified for Applicant at the habeas hearing were credible and concluding that Applicant should be
permitted to withdraw his plea. The trial court's findings are supported by the habeas record. At the time
of Applicant's motion to withdraw his plea, he was unable to produce the recantation testimony of his
daughters, through no fault of his own. In light of the new evidence presented at the habeas hearing, it
appears that Applicant's plea was not knowingly and voluntarily entered. Relief is granted. The judgment
in Cause No. 2001CR3607-W1 in the 290th Judicial District Court of Bexar County is set aside, and
Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charge against him.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: October 10, 2007

Publish